**NOTE CHANGES MADE BY COURT.**

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CAMPBELL, an individual<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MEDTRONIC MINIMED, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:15-cv-08091 RGK(PJWx)<br><br>**ASSIGNED TO HONORABLE JUDGE R. GARY KLAUSNER**<br><br>**JUDGMENT GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　August 29, 2016<br>Time:　　9:00 a.m.<br>Dept:　　850<br><br>Trial Date:　　October 18, 2016<br>Complaint Filed: September 11, 2015<br>FAC Filed:　　March 25, 2016 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  The Motion for Summary Judgment ("Motion") of Defendants Medtronic Minimed, Inc. and Medtronic, Inc. (collectively, "Defendant") came on regularly for hearing on August 29, 2016, the Honorable R. Gary Klausner presiding.

4  The Court, having considered the evidence proffered in support of and in opposition to Defendants' Motion, having read and considered the supporting, opposition and reply points and authorities, and having heard and considered the arguments of counsel, and good cause appearing therefor,

8  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants' Motion for Summary Judgment is **GRANTED** and JUDGMENT shall be entered in favor of Defendants on ALL of Plaintiff's claims. ~~as follows:~~

~~**A. All Claims Against Medtronic, Inc.**~~

~~**ISSUE NO. 1**: Plaintiff's claims against Medtronic, Inc. all fail because Plaintiff cannot establish that he was employed by Medtronic, Inc., and, therefore, Medtronic, Inc. cannot be liable for Plaintiff's employment claims.~~

~~**B. Retaliation Based On Alleged Complaints**~~

~~**ISSUE NO. 2:** Plaintiff's Cause of Action for Retaliation Based on Alleged Complaints fails because Plaintiff cannot state a *prima facie* case of retaliation because (1) to the extent he relies on the Fair Employment & Housing Act for this claim, he failed to exhaust his administrative remedies, (2) there is no evidence of any protected activity prior to any adverse employment action and/or (3) there is no evidence of a causal link between Plaintiff's alleged protected activity and any decisions made regarding his employment.~~

~~**ISSUE NO. 3:** Plaintiff's Cause of Action for Retaliation Based on Alleged Complaints fails because, even assuming *arguendo* that Plaintiff can establish a *prima facie* case, Defendants had legitimate, non retaliatory business reasons for all decisions made regarding Plaintiff's employment and Plaintiff cannot prove that Defendants' proffered reasons for the alleged adverse employment actions are pretext for any retaliation based on alleged complaints.~~

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

### C. Retaliation Based On Alleged Vacation Time Requests

**ISSUE NO. 4:** Plaintiff's Cause of Action for Retaliation Based on Alleged Vacation Time Requests fails because Plaintiff cannot state a *prima facie* case of retaliation because (1) to the extent he relies on the Fair Employment & Housing Act for this claim, he failed to exhaust his administrative remedies, (2) there is no evidence of a causal link between Plaintiff's alleged request for vacation time, or his use or non use of such vacation time, and any decisions made regarding his employment, and/or (3) there is no evidence of a causal link between Plaintiff's alleged disability and the response to his requests for vacation time.

**ISSUE NO. 5:** Plaintiff's Cause of Action for Retaliation Based on Alleged Vacation Time Requests fails because, even assuming *arguendo* that Plaintiff can establish a *prima facie* case, Defendants had legitimate, non retaliatory business reasons for all decisions made regarding Plaintiff's employment and Plaintiff cannot prove that Defendants' proffered reasons for the alleged adverse employment actions are pretext for any retaliation based on alleged vacation time requests.

### D. Age Discrimination

**ISSUE NO. 6:** Plaintiff's Cause of Action for Age Discrimination fails because the only public policy he bases his claim on is the Fair Employment & Housing Act, and Plaintiff failed to exhaust his administrative remedies.

**ISSUE NO. 7:** Plaintiff's Cause of Action for Age Discrimination fails because he cannot state a *prima facie* case of discrimination as he cannot show that he was replaced by a younger employee and/or cannot establish a causal connection between his age and any adverse employment action.

**ISSUE NO. 8**: Plaintiff's Cause of Action for Age Discrimination fails because, even assuming *arguendo* that Plaintiff can establish that he exhausted his administrative remedies and can prove his *prima facie* case, Defendants had legitimate, non discriminatory business reasons for all decisions made regarding Plaintiff's employment and Plaintiff cannot prove that Defendants' proffered reasons

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

for the alleged adverse employment actions are pretext for any discrimination.

### E. Disability Discrimination

**ISSUE NO. 9:** Plaintiff's Cause of Action for Disability Discrimination fails because the only public policy he bases his claim on is the Fair Employment & Housing Act, and Plaintiff failed to exhaust his administrative remedies.

**ISSUE NO. 10:** Plaintiff's Cause of Action for Disability Discrimination fails because he cannot state a *prima facie* case of discrimination as he cannot show a causal connection between an alleged disability and any adverse employment action.

**ISSUE NO. 11:** Plaintiff's Cause of Action for Disability Discrimination fails because, even assuming *arguendo* that Plaintiff can establish that he exhausted his administrative remedies and can prove his *prima facie* case, Defendants had legitimate, non discriminatory business reasons for all decisions made regarding Plaintiff's employment and Plaintiff cannot prove that Defendants' proffered reasons for the alleged adverse employment actions are pretext for any discrimination.

### F. Wrongful Termination in Violation of Public Policy[1]

**ISSUE NO. 12:** To the extent Plaintiff brings a claim for wrongful termination in violation of public policy, this claim fails as it is derivative of his claims for retaliation and discrimination, which fail.

### G. Unfair Business Practices

**ISSUE NO. 13:** Plaintiff's Cause of Action for Unfair Business Practices or Unfair Competition fails as it is derivative of his claims for retaliation and discrimination, which fail.

**ISSUE NO. 14:** Plaintiff's Cause of Action for Unfair Business Practices or Unfair Competition fails as he cannot show any requested injunctive relief or restitution.

---

[1] Although Plaintiff has not adequately alleged wrongful termination, he loosely refers to it under his age and disability discrimination causes of action.

### H. ~~Intentional Infliction of Emotional Distress~~

~~**ISSUE NO. 15**: Plaintiff's Cause of Action for Intentional Infliction of Emotional Distress fails as a matter of law because the claim is preempted by the Workers' Compensation Act, California Labor Code Section 3600, *et seq*.~~

~~**ISSUE NO. 16**: Plaintiff's Cause of Action for Intentional Infliction of Emotional Distress fails as a matter of law because Plaintiff cannot establish a *prima facie* case because (1) Defendants did not intend to inflict emotional distress, (2) there is no evidence of any "outrageous" conduct, and/or (3) Plaintiff did not suffer serious emotional distress as a result of any such alleged conduct.~~

### I. ~~Negligent Infliction of Emotional Distress~~

~~**ISSUE NO. 17**: Plaintiff's Cause of Action for Negligent Infliction of Emotional Distress fails as a matter of law because the claim is preempted by the Workers' Compensation Act, California Labor Code Section 3600, *et seq*.~~

~~**ISSUE NO. 18**: Plaintiff's Cause of Action for Negligent Infliction of Emotional Distress fails as a matter of law because Plaintiff cannot establish a *prima facie* case because Defendants did not act negligently towards Plaintiff and/or Plaintiff did not suffer serious emotional distress as a result of any of Defendants' alleged negligence.~~

### J. ~~Punitive Damages~~

~~**ISSUE NO. 19**: Plaintiff's punitive damages claim fails because he cannot establish by clear and convincing evidence that an officer, director, or managing agent of Defendants acted with any malice, oppression or fraud towards him.~~

~~**ISSUE NO. 20**: Plaintiff's punitive damages claim fails because he cannot establish by clear and convincing evidence that an officer, director or managing agent of Defendants authorized or ratified the conduct of someone who acted with malice, oppression, or fraud or had advanced knowledge of the unfitness of any employee that acted with acted with malice, oppression, or fraud.~~

1  ~~Therefore, **IT IS FURTHER ORDERED** that Plaintiff take nothing by his Complaint, that this action be dismissed with prejudice on the merits, and that Defendants recover their costs.~~

**IT IS SO ORDERED**

Dated: September 6, 2016

_____
R. GARY KLAUSNER
U.S. DISTRICT JUDGE